IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

MERON TAYE,                          *

     Plaintiff,                     *

vs.                                  *        CASE NO. 4:22-CV-200 (CDL)

VECTRUS SYSTEMS CORPORATION,         *

     Defendant.                     *

_____

O R D E R

    Plaintiff Meron Taye complains that her employer, Defendant
Vectrus Systems Corporation, unlawfully discriminated against her
after she refused to obtain a Covid-19 vaccine and sought an
exemption from the mandatory vaccine employment requirement.[1]
Vectrus moves to dismiss Plaintiff's Title VII and ADA claims,
arguing that Taye failed to file a timely charge of discrimination
and thus did not exhaust her administrative remedies.  Vectrus
seeks dismissal of Taye's constitutional claims because they fail
to state claims upon which relief may be granted.  For the
following reasons, the Court grants Vectrus's motion to dismiss
(ECF No. 10).

_____

[1] Although Taye refers to the Defendant as "Vectrus, Inc." in her filings,
Vectrus clarified in its motion to dismiss that its correct name is
"Vectrus Systems Corporation."

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.   In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556.   But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

## FACTUAL ALLEGATIONS

Taye alleges the following facts in support of her claims. The Court must accept these allegations as true for purposes of the pending motion.   Taye, a black Muslim Ethiopian woman, began working for Vectrus in August 2021 in Kuwait as a government contractor.   Am. Compl. ¶¶ 2, 86, ECF No. 7.   President Trump issued Executive Order 14042 in September 2021, which required "all federal civilian employees and contractors to receive the

Covid-19 vaccine." *Id.* ¶ 21. Vectrus later encouraged its employees to comply with this mandate but reminded them that they could receive a "medical accommodation and/or religious/belief exemption." *Id.* ¶ 23. In November 2021, Taye applied for a religious exemption to the mandate through Vectrus's Human Resources Department. *Id.* ¶ 25. Vectrus policy provided that the applications would then be transmitted by the Vectrus Human Resources Department to the military command for which Vectrus performed its contractual duties. *Id.* ¶¶ 18, 27. The military command was the final decisionmaker regarding the exemption requests. Am. Compl. Ex. B, Letter of Denial 1, ECF No. 11-2.

Taye believed, however, that Vectrus denied her exemption in February 2022. Am. Compl. ¶ 31. Her belief was based on communication from Vectrus to its employees that a nationwide preliminary injunction on the federal contractor vaccine mandate stayed Executive Order 14042's enforcement, and thus "Medical Accommodations and Religious/Sincerely Held Belief Exemptions are no longer necessary." *Id.* ¶ 32. As of the date of that communication, Taye's application for an exemption had not been acted upon. According to Taye's operative complaint, Vectrus did not submit Taye's application until June 2022. *Id.* ¶ 37. Two days after submitting the application to their military command, Vectrus informed Taye that the command "had denied her religious exemption application." *Id.* ¶ 43. Vectrus eventually dismissed

Taye from her position in Kuwait and, upon her return to Georgia, placed her on an indefinite unpaid leave of absence. *Id.* ¶¶ 14, 40-41.

Taye filed a Charge of Discrimination against Vectrus, which is headquartered in Colorado, with the Colorado Civil Rights Division and Equal Employment Opportunity Commission ("EEOC") on September 15, 2022. *Id.* ¶¶ 12, 14. Her Charge stated that Vectrus denied her exemption request "[o]n or about February 07, 2022" and complained of discrimination based on "Color, National Origin, Race, Religion, Retaliation, [and] Sex." Taye EEOC Charge, ECF No. 10-2.[2] After receiving her Right to Sue letter, Taye initiated this action. Her operative complaint claims that Vectrus's actions against her violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.

---

[2] "Under the doctrine of incorporation by reference, [the Court] may also consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity." *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018). Although Taye's EEOC Charge is attached to Vectrus's motion to dismiss, not the Amended Complaint, the Amended Complaint refers to the Charge, the Charge is central to her claims against Vectrus, and no one disputes its authenticity, so the Court may consider it here.

DISCUSSION

Vectrus moves to dismiss, arguing that Taye failed to exhaust administrative remedies or state plausible claims.  The Court addresses each argument in turn.

## I.   Did Taye Timely Exhaust Administrative Remedies for Her Title VII and ADA Claims?

Vectrus argues that Taye failed to exhaust her administrative remedies.  A plaintiff seeking relief under Title VII or the ADA must first exhaust her administrative remedies by timely filing a Charge of Discrimination with the EEOC.  42 U.S.C. § 2000e-5(b), (f)(1) (Title VII); *see* 42 U.S.C. § 12117(a) (adopting Title VII procedures for ADA claims).  The statute of limitations period to file a Charge depends on whether the state is a deferral or non-deferral state.  In a non-deferral state, a plaintiff must file her Charge "within one hundred and eighty days after the alleged unlawful employment practice occurred."  42 U.S.C. § 2000e-5(e)(1).  But if she files her Charge in a deferral state, or one which "has laws banning the kind of discrimination alleged and . . . state entities authorized to grant or seek relief for victims of such discrimination," the plaintiff has 300 days to file her Charge.  *Coley v. Shaw Indus., Inc.*, No. 21-10545, 2021 WL 4429818, at *1 n.1 (11th Cir. Sept. 27, 2021) (per curiam).  If the plaintiff fails to timely file her Charge, then her claim based

on that employment practice is time-barred. *H&R Block E. Enters., Inc. v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010) (per curiam).

The parties dispute whether Taye had to file her EEOC Charge within 180 or 300 days after the alleged unlawful employment practices. It is undisputed that where Taye lives—Georgia—and where the alleged discriminatory conduct occurred—Kuwait—do not constitute deferral states for purposes of administrative exhaustion. Taye argues that she could file her EEOC Charge in Colorado, which is a deferral state, because a Title VII and ADA plaintiff has "the flexibility to file a Charge at an EEOC Office convenient for her current situation." Pl.'s Br. in Opp. to Def.'s Mot. to Dismiss 10, ECF No. 11.

The Court does not dispute that Taye could file her charge at an EEOC office in Colorado. However, the situs of the filing does not necessarily establish the statute of limitations period. The applicable statute of limitations depends upon a connection between the unlawful employment practice, the employee, and the state supplying the statute of limitations. Although the Court has not located any binding Circuit precedent on this issue, the Court finds that the applicable EEOC Charge statute of limitations period stems from where the alleged discriminatory acts occurred, not wherever the Title VII or ADA plaintiff chooses to file her Charge. *See Bush v. Liberty Nat'l Life Ins.*, 12 F. Supp. 2d 1251, 1255 n.1 (M.D. Ala. 1998) (assessing the degree of connection—

particularly where the "relevant discriminatory events took place"—between the action and the filed forum to determine whether the plaintiff properly filed it there), *aff'd*, 196 F.3d 1261 (11th Cir. 1999).   The EEOC recognizes that where the alleged discrimination occurred sets the limitations period, not where the plaintiff filed the Charge.  EEOC Compliance Manual, § 2-IV(A)(1) (2000), https://www.eeoc.gov/laws/guidance/section-2-threshold-issues#2-IV-A-1 (stating that the Charge limitations period depends "upon whether the alleged violation occurred" in a deferral or non-deferral state); *see also* EEOC, How to File a Charge of Employment Discrimination, https://www.eeoc.gov/how-file-charge-employment-discrimination (stating that, "[i]f you are a U.S. citizen working for an American company overseas, you should file your charge with the EEOC field office closest to your employer's corporate headquarters," but "*[w]here the discrimination took place* can determine how long you have to file a charge" (emphasis added)); *Arnold v. United Parcel Serv., Inc.*, No. 7:11-CV-00118 (HL), 2012 WL 1035441, at *2 (M.D. Ga. Mar. 27, 2012).  A contrary conclusion would enable Title VII and ADA plaintiffs to file Charges in forums completely unrelated to the underlying allegations and thus manipulate the limitations period requirement.

According to her Charge, the only alleged discriminatory act for which Taye provides a date—Vectrus's denial of her religious

exemption to the federal contractor vaccine mandate—occurred on February 7, 2022 in Kuwait, a non-deferral state. Taye filed her EEOC Charge on September 15, 2022, more than 180 days later. Thus, because Taye did not timely file her Charge, the Court must dismiss her Title VII and ADA claims.[3]

## II.  Did Taye State Plausible §§ 1981 or 1983 Claims?

Vectrus also argues that Taye fails to state §§ 1981 or 1983 claims. To state a § 1981 race discrimination claim, "plaintiffs must allege facts establishing: (1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270 (11th Cir. 2004). A § 1981 plaintiff must show that her race was a "but-for" cause of the alleged unlawful action. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020). Taye fails to plausibly state a § 1981 claim. The gravamen of the Amended

---

[3] Taye asks the Court to equitably toll the limitations period because "the status of [Taye's] reasonable accommodation request was unclear until she was ordered to leave Kuwait in June 2022." Pl.'s Br. in Opp. to Def.'s Mot. to Dismiss 8 n.6. But the "general test for equitable tolling requires the party seeking tolling to prove (1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (en banc) (internal quotation marks and citation omitted). Under this standard, the circumstances here do not justify equitably tolling the EEOC Charge limitations period.

Complaint centers on religious discrimination.  Taye's statements that she suffered intentional racial discrimination and that "[s]imilarly situated individuals" outside her race "were treated more favorably" do not adequately allege facts supporting racial discrimination—they simply recite a legal conclusion.  Am. Compl. ¶¶ 114-15.  She does not point to particular individuals favored by Vectrus or specific acts done by Vectrus indicating that race motivated its actions against her.  Thus, she fails to state a claim for race discrimination under § 1981.

Taye asserts § 1983 claims based on alleged violations of the U.S. Constitution's First Amendment religious freedom clauses and the Colorado Constitution.  Because § 1983 holds state actors liable for violating *federal* constitutional rights, Taye's purported Colorado Constitution § 1983 claims for violating *state* constitutional rights fails.  *Garvie v. City of Fort Walton Beach*, 366 F.3d 1186, 1191 (11th Cir. 2004) (recognizing that allegations that a defendant "failed to comply with state laws are not federal constitutional claims").  Further, she has failed to allege any specific facts establishing that Vectrus worked as a state actor when it allegedly violated her *federal* constitutional rights.  She appears to premise these claims on Vectrus's enforcement of the federal contractor vaccine mandate, but § 1983 applies to state actors acting under color of state law, not "federal actors acting under color of federal law."  *Hindman v. Healy*, 278 F. App'x 893,

895 (11th Cir. 2008) (per curiam) (citing *District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973)).  Thus, Taye's § 1983 claims fail.  And, even if the operative complaint plausibly alleged that Vectrus worked as a federal actor, Taye did not assert a claim under the Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb *et seq.*, which allows plaintiffs to recover "money damages against [federal] Government officials in their individual capacities" for violating First Amendment free exercise rights. *Tanzin v. Tanvir*, 141 S. Ct. 486, 489 (2020).

CONCLUSION

For the foregoing reasons, the Court grants Vectrus's motion to dismiss (ECF No. 10) in its entirety.[4]

IT IS SO ORDERED, this 12th day of July, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[4] Taye asks that, if the Court is inclined to grant the motion to dismiss, the Court grant her leave to amend her complaint again to address any deficiencies.  As recognized by the Eleventh Circuit, "a motion for leave to amend may appropriately be denied . . . where there has been . . . repeated failure to cure deficiencies by amendments previously allowed" or "where amendment would be futile." *In re Engle Cases*, 767 F.3d 1082, 1108-09 (11th Cir. 2014) (internal quotation marks omitted) (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam)).  Another amended complaint cannot correct Taye's failure to timely file her EEOC Charge for her Title VII and ADA claims.  Further, after Vectrus previously moved to dismiss her original Complaint, Taye filed an Amended Complaint to correct the deficiencies Vectrus identified in its prior motion.  The Court denies Taye's request to amend her complaint a second time.